# THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>vs.<br><br>9.108 ACRES OF LAND, MORE OR LESS, SITUATE IN NIAGARA COUNTY, STATE OF NEW YORK, GUTERL SPECIAL STEEL CORP., CITY OF LOCKPORT TREASURER, LOCKPORT CITY SCHOOL DISTRICT, NIAGARA COUNTY TREASURER, OFFICE OF ATTORNEY GENERAL FOR THE STATE OF NEW YORK, SOUTHERN INVESTORS MANAGEMENT COMPANY, INC., NOTTINGHAM CORPORATION, AND UNKNOWN OWNERS,<br><br>Defendants. | DECLARATION OF TAKING<br><br>CIVIL NO. |

## DECLARATION OF TAKING

I, David H. Dentino, Deputy Assistant Secretary of the Army (Installations, Housing and Partnerships) do hereby declare that:

1. The authority for the acquisition of the estate in the property taken is set forth in Schedule A.

2. The public purpose for which the property is taken is set forth in Schedule B.

3. The legal description of the property taken is set forth in Schedule C.

4. A map or plat showing the property being taken is set forth in Schedule D.

5. The estate taken in the property is set forth in Schedule E.

6. The amount estimated to be just compensation for the taking, which sum I caused to be deposited in the Registry of the Court for the use and benefit of the persons entitled to it, is set forth in Schedule F. In accordance with 40 U.S.C. § 3115(a), I am of the opinion that the ultimate award for said land probably will be within any limits prescribed by law on the price to be paid therefore.

7. The names and addresses of known parties who have or may claim an interest in the property are set forth in Schedule G.

8. The United States of America made best efforts to negotiate acquisition of the property interest sought prior to filing this condemnation action.

Previously, a Complaint in Condemnation and Declaration of Taking were filed regarding the same property on October 5, 2006, as Case 1:06-cv-665. The Right of Entry obtained in that proceeding has expired, necessitating the need for this current action.

**IN WITNESS WHEREOF**, the United States of America, by its Deputy Assistant Secretary of the Army, thereunto authorized, has caused this declaration to be signed in its name by said David H. Dentino, Deputy Assistant Secretary of the Army, (Installations, Housing and Partnerships), this ____15____ day of ____MAY____, A.D., 20_25_ in the City of Washington, District of Columbia.

UNITED STATES OF AMERICA

BY: _____
DAVID H. DENTINO
Deputy Assistant Secretary of the Army
(Installations, Housing & Partnerships)

## **SCHEDULE A**

### AUTHORITY FOR THE TAKING

The authority for the taking of the land is under and in accordance with 40 U.S.C. §§ 3113 and 3114, which authorize condemnation and the filing of a Declaration of Taking; the Act of Congress approved September 29, 1999 (Public Law 106-60, 113 Stat. 483, 486, 502), which Act authorizes the acquisition of land for the Formerly Utilized Sites Remedial Action Program (FUSRAP); the Act of Congress approved October 13, 1997 (Public Law 105-62, 111 Stat. 1320, 1326), which authorizes the United States Army Corps of Engineers to administer and execute the FUSRAP and appropriates funds for such purposes; the Act of Congress approved October 7, 1998 (Public Law 105-245, 112 Stat. 1838, 1843), which directs that actions under FUSRAP be conducted by the United States Army Corps of Engineers as the lead federal agency in accordance with the Comprehensive Environmental Response, Compensation and Liability Act (CERCLA), as amended, (42 U.S.C. 9601, et. seq.) and the National Oil and Hazardous Substances Pollution Contingency Plan (40 C.F.R. Part 300) and appropriates funds for such purpose; and the Energy and Water Development Appropriations Act, 2006, approved November 19, 2005 (Public Law 109-103, 119 Stat. 2247, 2251) which Act appropriates funds for such purposes.

This authority is exercised by the Deputy Assistant Secretary of the Army (Installations, Housing, and Partnerships) pursuant to delegation by General Order 2020-01 (March 6, 2020) and Assistant Secretary of the Army (Installations, Energy and Environment) Memorandum for Deputy Assistant Secretary of the Army, Installations,

Housing and Partnerships dated September 15, 2023, Subject: Assignment of Real Property Condemnation Functions and Responsibilities to the Deputy Assistant Secretary of the Army, Installations, Housing and Partnerships.

## **SCHEDULE B**

### PUBLIC PURPOSE

The property described in Schedule C is being taken to ensure protection of human health and the environment and for other uses incident thereto. The said land has been selected by me for acquisition by the United States to carry out the Congressional directive to administer and execute the Formerly Utilized Sites Remedial Action Program at the Guterl Special Steel Corp. Site and for such other uses as may be authorized by Congress or by Executive Order.

## SCHEDULE C

### LEGAL DESCRIPTION

Tract: 100E
Owner: Guterl Special Steel Corp.
Acres: 9.108

All that tract or parcel of land situate in the City of Lockport, County of Niagara, and State of New York, being part of Lots Nos. 58 and 69, Township 14, Range 7, of Holland Land Company's Survey, bounded and described as follows:

Beginning at a point on the west line of Ohio Street (60.0 feet wide) a distance of 438.85 feet southerly from the northeast corner of the lands designated as Parcel I conveyed to Guterl Special Steel Corp. by deed recorded in the Niagara County Clerk's Office in Liber 1616 of deeds at page 817, as measured along said west line of Ohio Street; thence S 03°40'29" W along said west line of Ohio Street, a distance of 539.26 feet to an angle point in said west line of Ohio Street; thence S 42°39'35" W, continuing along said west line of Ohio Street, a distance of 178.41 feet to a point; thence S 70°48'34" W, a distance of 266.84 feet to a point; thence N 86°16'06" W, a distance of 54.76 feet to a point; thence N 03°36'54" E, a distance of 41.61 feet to a point; thence N 86°26'54" W, a distance of 273.31 feet to a point; thence N 03°33'54" E, a distance of 244.03 feet to a point; thence S 85°58'46" E, a distance of 63.67 feet to a point; thence N 03°47'31" E, a distance of 190.92 feet to a point, thence S 86°10'36" E, and partly passing through a manufacturing building (said last course also being a line drawn three (3) feet south of and parallel with the south face of a row of columns of said manufacturing building) a distance of 200.51 feet to a point, thence N 03°43'19" E and partly passing through said manufacturing building, a distance of 136.04 feet to a point, thence N 15°42'44" E, a distance of 173.88 feet to a point, thence S 86°23'46" E, a distance of 385.66 feet to the point or place of beginning, containing 9.108 acres, be the same, more or less.

It is the intention of the foregoing description to include a portion of the land conveyed to Guterl Special Steel Corp. from Wallace-Murray Corporation by deed dated May 16, 1978, recorded in Liber 1616 of Deeds at page 817, in the office of the County Clerk, Niagara County, New York.

## **SCHEDULE D**

## MAP



**LAND TO BE CONDEMNED**

The light blue line in the image above approximates the boundary of the land described in Section C.

## **SCHEDULE E**

### ESTATE TAKEN

### **TEMPORARY RESPONSE EASEMENT**

An assignable easement and right-of-way in, on, over, and across the land described in Schedule C, for a period not to exceed forty (40) years, beginning with the date possession of the land is granted to the United States of America, and terminating with the notice of completion of the remediation. The easement will allow for use by the United States, its representatives, employees, officers, agents, contractors, and assigns, as a work area for environmental investigation and response at the Guterl Formerly Utilized Remediation Site Action Project (FUSRAP); including but not limited to the right to store, move, and remove equipment and supplies; erect and remove temporary structures on the land; investigate and collect samples; remove soil, debris and structures; and, to construct, operate, maintain, alter, repair, and remove groundwater monitoring wells, groundwater treatment and injection systems, appurtenances thereto, and other devices for the monitoring and treatment of contamination in soil, air, and water; and perform any other such work which may be necessary and incident to the Government's use for the environmental investigation and response on said lands under the FUSRAP; subject to existing easements for public roads and highways, public utilities, railroads and pipelines; reserving, however, to the landowner(s), their heirs, executors, administrators, successors, and assigns, all such right, title, interest, and privilege as may be used and enjoyed without interfering with or abridging the rights and easement hereby acquired. Upon completion of remediation, if the term of the easement has not expired, a duly authorized representative of the federal government will file on behalf of the United States of America a notice of termination or release of the easement in the local land records.

## **SCHEDULE F**

### ESTIMATE OF JUST COMPENSATION

The sum estimated as just compensation for the land being taken is ONE HUNDRED DOLLARS AND NO/100 ($100.00), to be deposited herewith in the Registry of the Court for the use and benefit of the persons entitled thereto.

## SCHEDULE G

### INTERESTED PARTIES

| Interested Party | Reference |
|---|---|
| Guterl Special Steel Corp., an inactive Delaware Corporation<br><br>The Corporation Trust Company, *Registered Agent in Delaware*<br>Corporation Trust Center<br>1209 Orange Street<br>Wilmington, Delaware 19801 | Warranty Deed recorded in Liber 1616 at Page 817 in the Official Deed Records of Niagara County, New York. |
| City of Lockport Treasurer<br>Sue A. Mawhiney<br>One Locks Plaza, Second Floor<br>Lockport, New York 14094 | Supreme Court of Niagara County List of Delinquent Taxes, In the Matter of Foreclosure of Tax Liens by Proceeding In Rem pursuant to Article Eleven of the Real Property Tax Law by City of Lockport, Filed January 11, 2016 (Index No. 157668).<br>And additional overdue taxes. |
| Lockport City School District<br>Nicki Ganz, District Treasurer<br>130 Beattie Avenue<br>Lockport, New York 14094 | Any overdue taxes |
| Niagara County Treasurer<br>Kyle R. Andrews<br>59 Park Avenue, 1st Floor<br>Lockport, New York 14094 | Supreme Court of Niagara County List of Delinquent Taxes, In the Matter of Foreclosure of Tax Liens by Proceeding In Rem pursuant to Article Eleven of the Real Property Tax Law by County of Niagara, Filed November 1, 2016 (Index No. 159886/2016).<br>And additional overdue taxes. |
| Office of Attorney General for The State of New York<br>Litigation Bureau<br>State Capital Building<br>Albany, New York 12224 | Any interest under applicable law |
| Southern Investors Management Company, Inc., an inactive Louisiana Corporation<br><br>Harley A. Rennhoff, *Registered Agent in Louisiana* | Mortgage recorded in Liber 1443 at Page 271 in the Official Deed Records of Niagara County, New York. |

10

| | |
|---|---|
| 1111 S Foster Dr., Bldg E<br>Baton Rouge, LA 70806-7238 | |
| Nottingham Corporation, an inactive Pennsylvania corporation and successor to Equimark Commercial Finance Co.<br><br>Corporation Service Company<br>*Registered Agent in Pennsylvania*<br>2595 Interstate Dr #103<br>Harrisburg, PA 17110 | Mortgage recorded in Liber 1475 at Page 93 in the Official Deed Records of Niagara County, New York. |